UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Denise F. French

          v.                          Civil No. 10-cv-00498-JL

Time Warner Entertainment, et al.


**ORDER AFTER PRELIMINARY
PRETRIAL CONFERENCE**


The Preliminary Pretrial Conference was held in chambers on **March 8, 2011.**

The Discovery Plan (document no. 21) is approved as submitted by the defendants, with the following changes:

- Close of discovery - **July 1, 2012**

- Expert disclosure deadlines:

  Defendants' expert disclosures - **April 15, 2012**
  Rebuttals to defendants' disclosures - **May 15, 2012**

The statements in the plaintiff's proposed discovery plan as to the need for getting discovery from OSHA, and his intent to seek the aid of the court to do so if necessary, are noted.

Based on the discussions between the court and counsel at the conference, Time Warner will amend ¶¶ 32 and 34 of its Answer to fairly meet the substance of the Complaint's allegations to Time Warner's agreement with PSNH and the application thereunder.

PSNH will amend ¶ 36 of its answer to fairly meet the substance of the Complaint's allegations that Time Warner's action was a breach of the parties' agreement. Lapp, having received a fully legible copy of the Complaint, will provide answers to ¶¶ 9, 17, and 28. These amendments shall be filed with the court no later than **March 23, 2011.**

Lapp's sixteenth affirmative defense (failure to mitigate damages) and twenty-third affirmative defense (waiver, estoppel, and laches) are stricken without prejudice to reinstatement on motion should discovery reveal a good-faith basis for them.

**Cross-claims.** The plaintiff indicated his preliminary position that he does not consent to the litigation of Time Warner's cross-claims against PSNH and Lapp in this action. See N.H. Rev. Stat. Ann. § 507:7-g, IV(c). But the plaintiff also indicated his intention to reconsider this position. Accordingly, counsel for the plaintiff and Time Warner shall confer and advise the court by no later than **March 11, 2011**, as to (1) whether the plaintiff consents to the litigation of those cross-claims in this action and, if not, (2) whether the plaintiff and Lapp wish to submit briefing on the issue of whether § 507:7-g, IV(c), applies in federal court, or to have the court simply decide the issue based on the reasoning set forth in the conflicting decisions of Connors v. Suburban Propane

Co., 916 F. Supp. 73 (D.N.H. 1996) and Chapman v. Therriault, 1998 WL 1110691 (D.N.H. Apr. 13, 1998) and, if one or both of those parties wants to brief the issue, (3) an agreed-upon schedule for doing so.  The deadline for PSNH to file its answer to Time Warner's cross-claim is extended until 10 days after either the court is informed of the plaintiff's consent or the court issues a ruling that § 507:7-g, IV(c), does not apply here, as the case may be.

**Diversity Jurisdiction**.  Time Warner shall inform the court by **April 8, 2011**, whether any of the partners of Time Warner Entertainment Co., L.P., or any of the members of Time Warner Cable LLC is a citizen of Maine.  Lapp shall inform the court by **April 8, 2011**, whether any of its members is a citizen of Maine. In providing this information, these parties are reminded that if any of their partners or members are themselves limited liability companies or partnerships, then the citizenship of each of the members or partners of those entities must also be determined. See Preferred Merchant Hood, LLC v. Family Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006) (noting that, in determining diversity jurisdiction, "the citizenship of unincorporated associations," such as LLCs and partnerships, "must be traced through however many layers of partners or members there may be") (quotation marks omitted).

3

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Discovery disputes.**  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

4

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 9, 2011

cc:  Francis G. Murphy, Jr., Esq.
     Harold J. Friedman, Esq.
     Martha C. Gaythwaite, Esq.
     Phillip S. Bixby, Esq.
     Beth G. Catenza, Esq.
     Michael M. Lonergan, Esq.
     Douglas N. Steere, Esq.