```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Denise French

  v.            Civil No. 10-cv-498-JL

Time Warner Entertainment
Co. L.P. *et al.*

**SUMMARY ORDER**

This wrongful death action arises out of the accidental electrocution of a worker, James French. While French was installing cable on a utility pole in Shelburne, New Hampshire, an insulator holding the power line to the pole broke. French's wife, acting as the administratrix of his estate as well as on behalf of their minor children and herself, has sued the owner of the pole, Public Service Company of New Hampshire; the manufacturer (or the successor-in-interest to the manufacturer) of the insulator, Lapp Insulators LLC; and Time Warner Entertainment Co. L.P. and Time Warner Cable LLC (collectively, "Time Warner"), who had hired French's employer, NextGen Telecom Services Group, Inc., to install the cable.[1] This court has jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity) because, at the time of his death, French was a citizen of Maine, see id.

---

[1] None of the parties makes any attempt to distinguish between the Time Warner entities, so the court will follow suit. The court will use "French" to refer to James French, the decedent, and "the plaintiff" to refer to Denise French in her capacity here.

§ 1332(c)(2), where his wife and children also live, and none of the defendants is a citizen of that state.

The plaintiff has brought a single count, styled "strict liability, negligent failure to warn," against Lapp, alleging that it failed to advise PSNH of the "long but uncertain life expectancy" of the kind of insulator at issue, a porcelain model manufactured in 1968 but still in service at the time of French's accident in 2007.  The plaintiff has brought a number of different negligence counts against Time Warner and PSNH.  Two of them arise, at least in part, out of Time Warner's instructing NextGen to start hanging cable on the pole in question, even though Time Warner had yet to complete certain "make ready" work required by its agreement with PSNH as a precondition to its installation of cable on PSNH's poles.  The plaintiff's other negligence claims assert that Time Warner and PSNH breached their duty to take reasonable steps, including an inspection of the pole, to ensure French's safety while he installed the cable--a duty that arose from either the Time Warner-PSNH agreement or the inherently dangerous nature of the work.

Some of the defendants responded, in part, by cross-claiming against each other:  Time Warner claimed that it was entitled to contribution and indemnification from both PSNH and Lapp, while PSNH claimed that it was entitled to indemnification from Time

Warner under the parties' agreement.  In due course, however, the plaintiff settled and released her claims against both PSNH and Lapp which, under New Hampshire law, discharged them from liability for contribution to Time Warner (provided the plaintiff gave the release in good faith).  N.H. Rev. Stat. Ann. § 507:7-h. Time Warner subsequently stipulated to the dismissal, with prejudice, of its contribution claims against Lapp.  Time Warner and PSNH later stipulated to the dismissal, also with prejudice, of all of their cross-claims against each other.

The one remaining cross-claim, then, is Time Warner's indemnification claim against Lapp.  Lapp has moved for summary judgment on that claim, see Fed. R. Civ. P. 56, arguing that Time Warner has no right to indemnification from Lapp against the plaintiff's claims as a matter of law.  The court agrees.

Under New Hampshire law, "one joint tortfeasor can obtain indemnification, a complete shifting of liability, against another where the indemnitee's liability is derivative or imputed by law, or where an express or implied duty to indemnify exists." Consol. Util. Equip. Servs., Inc. v. Emhart Mfg. Co., 123 N.H. 258, 261 (1983) (citations omitted).  While, as noted above, Time Warner claimed to be entitled to indemnification from PSNH under an express provision in their contract, Time Warner acknowledges that it had no such agreement with Lapp.  Instead, Time Warner

3

argues for indemnification from Lapp against the plaintiff's claims on the theory that her "essential" allegations are that "Time Warner's only negligence [was] failure to discover Lapp's negligence and/or defective product."

As Lapp points out, the New Hampshire Supreme Court squarely rejected this theory of indemnification in Consolidated Utility Equipment, which is controlling here. In that remarkably similar case, the decedent was killed in the course of his employment while he was using a "hydraulic bucket-lift device" that collapsed. Id. at 260. The administratrix of his estate brought wrongful death actions against both the manufacturer of the device and a company that the decedent's employer had hired to inspect the device prior to the accident, alleging that the inspection had negligently failed to discover the crack in the device that caused its collapse. Id. The inspector then sought indemnification against the manufacturer, "claiming that [it] should bear all liability for [the] death, due to the fact that [its] role in creating the alleged defect in the equipment was 'active,' while [the inspector's] alleged negligence, in failing to discover the defect, was only 'passive.'" Id.

In affirming the dismissal of this claim, the Supreme Court noted that, while "a number of jurisdictions have allowed indemnification in the past" under this theory, "in light of

[more] contemporary negligence statutes, such indemnification has been disallowed." Id. at 261 (citing cases). The court further explained that, although "[l]anguage in Morrissette v. Sears, Roebuck & Co., 114 N.H. 384, 387 (1974), appeared to signal this court's adoption of the active-passive negligence doctrine," the law had since "been clarified by William H. Field Co. v. Nuroco Woodwork, Inc., 115 N.H. 632, 634 (1975), and later cases." Id. (citations corrected). The court announced that, since then, "[it] ha[s] not deviated, and [would] not now deviate, from the position that indemnity is permitted only when one becomes liable to a third party because of the imputed negligence of another, or when an express or implied duty to indemnify exists." Id. (citation omitted).

Time Warner does not explain how it can obtain indemnity here on the very theory rejected by Consolidated Utility, i.e., that the would-be indemnitee's liability is based on its failure to discover a defect in a product manufactured by the would-be indemnitor. Tellingly, in fact, Time Warner's objection to Lapp's summary judgment motion does not even mention, let alone try to distinguish, Consolidated Utility--even though Lapp, appropriately enough, relies heavily on that decision in support of its motion.

Instead, Time Warner relies on a subsequent New Hampshire Supreme Court case (though it mistakenly cites it as a different case), Jaswell Drill Corp. v. General Motors Corp., 129 N.H. 341, 346 (1987), for the proposition that "a distributor sued by one injured by a defective product could obtain indemnification against the designer and/or manufacturer of the product so long as the distributor could prove 'that its only negligence lay in its failure to discover that the product was defective'" (bracketing and ellipse omitted).[2]  There, the manufacturer of a drilling rig sought indemnification, from the manufacturer of the rig's engine, against a claim by the rig's end user, alleging that "any damages sustained by [the user] are directly attributable to [the] defective component part."  Id. at 343.  The New Hampshire Supreme Court reversed the dismissal of this claim and remanded it for trial.  Id. at 347.

In reaching this result, the court acknowledged that, in Consolidated Utility, it had "declined to extend a right of

---

[2] Time Warner attributes this quotation to Hamilton v. Volkswagen of America, Inc., 125 N.H. 561 (1984), where it does not appear.  In Hamilton, it was the user, not the distributor, of an allegedly defective product (the driver of an allegedly defective automobile) who sought indemnification from its manufacturer--and the court ruled that he had no right to it, because the underlying claim did not assert "any liability against the [driver] based upon the fault of" the manufacturer but rather, upon the user's negligent driving.  Id. at 563.  So the holding of Hamilton does not support Time Warner's indemnification claim.

6

indemnity to passively negligent tortfeasors generally." Id. at 346. The court further recognized that other prior cases, "where an indemnitor performs a service under a contract negligently and, as a result, causes harm to a third party in breach of a nondelegable duty of the indemnitee," were "distinguished" in the case before it, "because [the engine manufacturer] provided [the rig manufacturer] with a product rather than a service." Id. (discussing Hamilton, 125 N.H. at 563-64).

Nevertheless, the court concluded that this "distinction is not controlling. If the [rig maker] were to prove that its only negligence lay in its failure to discover that the [component] engine was defective, then the rationale for applying an indemnity agreement could be applicable in this case." Id. at 346 (emphasis added). The court identified that rationale as "'the fault of the indemnitor as the source of the indemnitee's liability in the underlying action and, conversely, the indemnitee's freedom from fault in bringing about the dangerous condition.'" Id. (quoting Hamilton, 125 N.H. at 564). But the court did not identify the additional circumstances under which that rationale would be applicable. Nor did Jaswell Drill identify the controlling distinction between that case and Consolidated Utility, which, again, refused to require indemnification from a manufacturer against a claim arising out

7

of a defective product based solely on "the fact that [the manufacturer's] role in creating the alleged defect in the equipment was 'active,' while [the would-be indemnitee's] alleged negligence, in failing to discover the defect, was only 'passive.'"  123 N.H. at 260.  Importantly, though, Jaswell Drill did not purport to overrule Consolidated Utility, but actually recognized and reaffirmed its holding that New Hampshire law does not "extend a right of indemnity to passively negligent tortfeasors generally."  129 N.H. at 346.

   Time Warner's indemnification claim against Lapp succumbs to this general rule.  At most, Jaswell Drill seems to recognize a right of indemnity running from the manufacturer of a defective component part to a downstream manufacturer who incorporates that part in its product, should the downstream manufacturer's liability arise solely from its failure to recognize the defect.  But Time Warner's relationship with Lapp was nothing like the relationship between the manufacturer of the drill rig and the manufacturer of its engine in Jaswell Drill--indeed, Lapp provided Time Warner with <u>neither</u> a product nor a service.

   At present, the court need not attempt to identify the precise circumstances under which Jaswell Drill recognizes a joint tortfeasor's right of indemnification against the manufacturer of an allegedly defective product.  It is enough to

8

say that Jaswell Drill does not recognize Time Warner's claimed right of indemnification in this case. If it does, then, Jaswell Drill necessarily overrules Consolidated Utility, which, again, it does not purport to do. And if, as Time Warner argues, a manufacturer's sale of a defective product is tantamount to creating a dangerous condition, requiring the manufacturer to indemnify parties who neither bought or used the product against claims that they breached a duty to remedy or warn of that condition, then the result of Consolidated Utility would have been different. The court takes Time Warner's failure to even mention Consolidated Utility as a tacit acknowledgment of that reality, and GRANTS Lapp's motion for summary judgment (document no. 63).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 5, 2012

cc: Francis G. Murphy, Jr., Esq.
    Harold J. Friedman, Esq.
    Martha C. Gaythwaite, Esq.
    Phillip S. Bixby, Esq.
    Stephen Lawrence Boyd, Esq.
    Todd J. Hathaway, Esq.
    Clara E. Lyons, Esq.
    Douglas N. Steere, Esq.